NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHNIA BOONE, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, ET AL.<br><br>Defendants. | Case No. CV12-09301 JAK (CWx)<br><br>**PROTECTIVE ORDER**<br><br>Assigned for all purposes:<br>*Hon. John A. Kronstadt* |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD, NOTICE IS HEREBY GIVEN THAT: Plaintiffs ALPHNIA BOONE and DILZIA NEWMAN (hereinafter collectively referred to as "Plaintiffs"), by and through their counsel of record, and Defendants CHARLIE BECK, KEVIN JOHNSTON, and HOWARD LU (hereinafter collectively referred to as "Defendants"), by and through their counsel of record, conferred regarding the discovery of documents and things in the above entitled case and stipulated and agreed that this case involves allegations by Plaintiffs of improper treatment based upon membership in one or more protected classes. Plaintiffs are seeking damages and Defendants must be allowed access to

1

*PROPOSED PROTECTIVE ORDER & STIP*

information necessary to verify and/or defend against certain, or all, of Plaintiffs' claims – many of which are related to Plaintiffs' status as homosexual minority women. Accordingly, Defendants have requested various categories of documents and information which may be inclusive of explicit and manifestly private details about Plaintiffs' romantic relationship with each other, as well as relationships with other women.  Further, Defendants are a city and its current and former police department personnel. Certain rights to privacy and privileges afford protection to much of the information requested by Plaintiffs in discovery. However, Plaintiffs require access to the information to support their claims.

The parties have met and conferred and jointly contend that the disclosure of the "confidential material" is necessary prior to trial or prior to a finding by a judge that good cause exists for its admission, because unprotected disclosure of such information may potentially "poison the jury pool," "affect jury service," and/or cause or contribute to potentially adverse pre-trial publicity. Therefore, a protective order is necessary to prevent any party from disclosing the "confidential material" to the traditional media, internet, or "social media" and to limit the dissemination of the material to those with a true need to know.

As a result, confidential and/or privileged information included in personal, financial, professional and educational records may be relevant to this action.

Upon the foregoing reasons, the Court finds good cause exists to grant the following Protective Order the terms of which shall govern certain documents and things in this matter:

A. For purposes of this Order, Confidential Materials include, but are not limited to:

1. Personal Records, which include, but are not limited to, Plaintiffs' and Defendants' personal medical and mental health information and data, personal notes and diary entries.

2. Plaintiffs' and Defendants' and other police officer information (if ordered disclosed) Educational and Professional Records, which include, but are not limited to, the following:

- Statements, Memoranda and/or Notes indicating educational performance;
- Test Scores;
- Educational Evaluations and Narratives;
- Statements, Records, Memoranda and/or Notes relating to professional performance, including background and hiring packages as well as performance evaluations;
- Personnel, training and disciplinary records, including any prior and current internal affairs investigations and related documents, compelled statements, and any testimony before the Board of Rights as may be produced; and documents which are official information within LAPD and/or reflect the thought process of adjudicators, investigators, and/or evaluators concerning the investigation, adjudication, discipline, or proposed discipline imposed.

3. Plaintiffs' and Defendants' Financial Records, which include but are not limited to, personal financial information and data, employment records, payment records, income and expense records of all types, and tax records;

4. Personal, Educational, Professional and Financial Records concerning third parties, including information disclosed, if any is ordered to be disclosed, relating to other personnel complaints, disciplinary proceedings and/or entries and documents in police personnel files.

B. The confidentiality of documentation being provided pursuant to this

Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" mark or watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

  C. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

  D. Subject to the further conditions imposed by this protective order, Confidential Information may be disclosed only to the following persons:

  1. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

  2. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

  3. Court personnel.

  4. The parties themselves as necessary for the defense or prosecution of this action.

  E. Prior to the disclosure of any Confidential Information to any person described in paragraph D(1) or D(2), with the exception of all Court Personnel and employees of counsel for Plaintiffs and Defendants, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the

stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/ _____"

Once this is completed, Counsel will serve a copy of the acknowledgment upon counsel for all other parties.

F.   Upon the final termination of this litigation, including any appeal pertaining thereto, all materials that were designated as confidential, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to the office of counsel of the party to whom the materials pertain.

G.   If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for the party to whom the request pertains, identifying the Confidential Information sought and the time in which production or other disclosure is required, and the affected party shall, per their discretion, object to the request or subpoena on the grounds of this stipulation/protective order, OR other grounds and/or obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. No party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the party to whom to the privileges apply.  The duty is to notify. However, in no event should production or disclosure be made without written approval by the affected party's counsel unless required by law or Court Order.

H.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation, except at trial, with which Confidential Information is included shall first be accompanied by an application,

1 pursuant to Local Rule 79-5.1, to request that the papers, or the confidential portion
2 thereof, be lodged under seal.

3     J.    Nothing herein shall prejudice any party's rights to object to the
4 introduction of any Confidential Information into evidence, on grounds including but
5 not limited to relevance and privilege.

6     K.    This order does not prejudice any of the parties' rights to challenge the
7 designation of materials as confidential. Nevertheless, the parties understand and
8 acknowledge that non-public materials contained within personal, financial and/or
9 educational files and records are being provided pursuant to this Protective Order and
10 they are to remain protected by this Order to the extent they were not publicly
11 accessible originally. In the event there is some "good faith" disagreement as to
12 whether certain documents and/or information provided by the parties that were
13 labeled as "confidential" should be treated as confidential, the parties shall make
14 informal attempts to resolve such issues. However, to be clear, this order in no way
15 makes any originally publicly accessible information confidential.
16 //
17 //
18 //
19

20     L.    The court shall maintain continuing jurisdiction over this matter to the
21 extent necessary to enforce the terms and /or address alleged breaches of this
22 protective order.
23
24 APPROVED & ORDERED,                *Carla M. Woehrle*
25 Dated: January 22, 2014                    _____
26                                               U.S. MAGISTRATE JUDGE
27
28